UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Canada,<br><br>    Plaintiff,<br><br>v.<br><br>All Members of Damascus Way Staff, Dan Sepeda, and Dan Stehr,<br><br>    Defendants. | Case No. 21-CV-1904 (SRN/LIB)<br><br><br>**ORDER ON PRO SE COMPLAINT AND APPLICATIONS TO PROCEED IN FORMA PAUPERIS** |

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Shawn Canada's pro se complaint [Doc. No. 1], his applications to proceed in forma pauperis [Doc. Nos. 8, 12], and his various other related submissions [Doc. Nos. 6, 7, 10, 11]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DISMISSES** Canada's complaint for failure to state a claim and **DENIES** his motions to proceed in forma pauperis.

**I.    BACKGROUND**

Plaintiff Shawn Canada is currently incarcerated at the Minnesota Correctional Facility ("MCF") in Faribault, Minnesota.[1]  The precise nature of this lawsuit is difficult

---

[1] The present matter is the first of eight cases Canada has filed in the last two months. *Canada v. All Members of Damascus Way, et al.*, 21-cv-1904 (SRN/LIB) ["*Canada I*"], *Canada v. Williamson, et al.*, 21-cv-2085 (DSD/TNL) ["*Canada II*"], *Canada v. Olmstead Cnty., et al.*, 21-cv-2120 (NEB/DTS) ["*Canada III*"], *Canada v. Davis, et al.*, 21-cv-2186 (JRT/HB) ["*Canada IV*"], *Canada v. Stehr, et al.*, 21-cv-2188 (SRN/ECW) ["*Canada V*"], *Canada v. Antony, et al.*, 21-cv-2204 (PAM/JFD) ["*Canada VI*"], *Canada v. MCF-*

1

to define because Canada has provided very few facts in support of the cited legal theories. On the first page of his complaint, Canada lists four federal statutes: "U.S.C. § 1961, U.S.C. § 1962, U.S.C. § 1512, U.S.C. § 1985".[2]  Compl. at 1.  He also lists legal theories including fraud, health care fraud, abuse/neglect, retaliation, hostage taking, conspiracy, and mail fraud.  *Id.*  In the complaint, Canada writes,

> My name is Shawn Canada #233817 and I would request to file federal charges against all Damascus Way Staff Members for violations of Racketeering activities and obstruction of justice, healthcare fraud, maltreatment of a vulnerable adult, privacy act.  I am a witness to a crime, and held in Lino-Lakes prison restraint of liberty without any due process.  And tampering with a judge in Olmsted County.

Compl. at 2.  Canada's complaint does not contain a factual narrative beyond the above-quoted language.

In support of his complaint, Canada has subsequently submitted many additional documents.  On September 21, 2021, he submitted a letter wherein he requested additional time to investigate and prepare his case because he had been transferred from one MCF facility to another and he had to do a quarantine upon transfer.  [Doc. No. 5].  On the same

---

*Faribault*, 21-cv-2228 (NEB/TNL) ["Canada VII"], *Canada v. Kroening*, 21-cv-2273 (SRN/KMM) ["Canada VIII"].  Canada also filed two prior civil actions, and two habeas corpus actions in this District.  *See Canada v. Harleen*, No. 17-cv-1471 (JNE/SER) (D. Minn. 2017) (dismissed for failure to prosecute); *Canada v. Haugen et al.*, No. 18-cv-3182 (PAM/KMM) (D. Minn. 2018) (dismissed for failure to prosecute); *Canada v. Miles*, 17-cv-1043 (JNE/SER) (D. Minn. 2017) (dismissed with prejudice); *Canada v. Snell*, 19-cv-764 (JRT/SER) (D. Minn. 2018) (dismissed without prejudice for failure to exhaust state remedies).

[2] Based on his references to racketeering, the Court assumes §§ 1961 and 1962 refer to 18 U.S.C. §§ 1961, 1962.  Based on references to the obstruction of justice, the Court assumes § 1512 refers to 18 U.S.C. § 1512.  Finally, based on references to conspiracy, the Court assumes that § 1985 refers to 42 U.S.C. § 1985.

day he submitted six additional documents—docket numbers 6-11. Docket entry 6, labeled "criminal complaint habeas/corpus tampering with a executive officer the governor of Minnesota," is legible but the narrative is not coherent or comprehensible. [Doc. No. 6]. Canada alleges that he had a "right to work 1 thru 25 jobs since 2010 to 2021;" that he had a "right to practice religion on the internet" and that staff members of Damascus Way are "accused of tampering with Judge Jodi Williamson and Judge Kathy Wallace." as well as the "governor of Minnesota." [*Id.* at 2]. Canada appended a few documents to the filing. The documents suggest that Canada was a resident at Damascus Way during the beginning of the COVID-19 pandemic. [Doc. No. 6-1]. To maintain resident safety, the facility apparently stopped individuals with outside jobs from reporting to work for a brief period in April 2020, following which time they could return if they complied with certain safety protocols. [*Id.* at 5]. A document titled "Damascus Way Resident Discharge Summary" indicates that Canada was discharged from the facility because he returned to work at his outside employment, violated Damascus Way safety protocols, and ignored staff when asked to comply. [*Id.*]

Docket entry 7 is labeled "Federal Statutes Chapter 96 – Racketeer Influenced and Corrupt Organizations." [Doc. No. 7]. The document does not contain any factual narrative whatsoever. Instead, Canada merely lists 25 statutes or legal theories in bullet point fashion. [*Id.* at 1-3]. Docket entry 9 is a fill-in-the-blank civil cover sheet on which Canada checked various boxes associated with his legal theories and wrote in references to 42 U.S.C. §§ 1982 and 1985. [Docket No. 9 at 1].

Docket entry 10 is labeled as an affidavit, and it contains a brief narrative. Canada writes,

> Complaint introductions to staff of United States District Court: the Magistrate Judge John F. Docherty please allow Mr. Shawn Canada to come forth to explain a pattern of racketeering activity by the entire staff of Damascus Way, and concerning of more prohibited activities such as tampering with judges in Olmsted County, and also health care fraud sending fraudulent documents to the Bureau of Criminal Apprehension unit in Minnesota and sending fraudulent documents to Olmsted County Community of Corrections in Rochester Minnesota, and also sending documents to Dept of Corrections of Minnesota so Olmsted County corrections officers are the center piece of this racketeering act & pattern of prohibited activities.

[Docket No. 10 at 1-2]. Again, although this document is legible, the exact nature of the factual allegations is difficult to comprehend.

Docket entry 11 is labeled as an authorization for release of information. In the document, Canada includes personal identifiers such as his date of birth and digits of his social security number. [Docket 11 at 1]. He requests that a broad variety of documents be released to him regardless of the implications of state or federal statutes that might otherwise make the documents confidential. [*Id.* at 1-2].

In addition to the documents discussed above, Canada has submitted two applications to proceed in forma pauperis. [Docket Nos. 8, 12]. The first application contains a certificate by a prison official at MCF Lino Lakes, and the second contains a certificate by a prison official at MCF Faribault.

**II.    DISCUSSION**

    **A. Standard of Review**

Canada is a prisoner, so his complaint is subject to review under the terms of 28 U.S.C. § 1915A(b). Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

### B. Canada's allegations

Canada's complaint and supplemental pleadings are best described as an effort to seek criminal and civil recourse from the named defendants for actions he believes to be

racketeering, the obstruction of justice, and fraud. In the opening document, Canada indicates that he would like to file federal charges against Damascus Way staff members. [Compl. at 1]. In support of this request, Canada indicates that the defendants have taken part in racketeering activities, the obstruction of justice, and various types of fraud and mistreatment. [*Id.*]. In subsequent pleadings Canada expands his complaint to include many legal theories, listing as many as 25 discrete statutes and common law claims. *See e.g.* [Docket No. 7]. Despite his vehement insistence that the defendants have caused him harm, Canada never once provides a factual narrative about the actions taken by the named defendants.

In the Complaint, Canada indicates he would like to initiate a federal complaint for violations of U.S.C. §§ 1961 and 1962. Because he references racketeering, he is likely referring to what is commonly known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1961-1968. RICO contains both criminal and civil action provisions. The distinction is important because a private citizen cannot initiate a criminal action, but he or she can initiate a suit if the law creates a private right of action. *See Kunzer v. Magill*, 667 F.Supp.2d 1058, 1061 (D. Minn. 2009) (a private citizen does not have authority to initiate a criminal proceeding, or to seek to have a criminal proceeding opened against another person or entity), *citing Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another); *Alexander v.*

*Sandoval*, 532 U.S. 275, 286 ("private rights of action to enforce federal law must be created by Congress.").

Canada specifically cites Section 1961 of RICO, which is the definitions section and does not create a private right of action. He also cites Section 1962, which describes certain prohibited activities. Neither of these sections create a private right of action. Even if Canada had cited to 18 U.S.C. § 1964, the provision that creates a private right of action for alleged RICO activity, he does not plead factual allegations sufficient to maintain such a claim. Section 1964 allows an individual to bring a private cause of action under RICO if he or she was injured in his or her business or property by reason of a violation of § 1962. 18 U.S.C. § 1964(c). Canada has not pled any factual allegations that demonstrate an injury to his business or property, therefore, he has failed to adequately plead a private cause of action for racketeering.

In his Complaint, Canada also cites Section 1512 and references obstruction of justice. [Compl. at 1-2]. Section 1512 prohibits tampering with a witness, victim or informant. 18 U.S.C. § 1512. It is a criminal statute that also does not create a private right of action. *See e.g. Horde v. Elliot*, No. 17-cv-800 (WMW/TNL), 2018 WL 987683 *1, *9 (D. Minn. 2018) (holding that the obstruction of justice statutes do not create a private right of action), Report & Recommendation adopted 2018 WL 985294 (D. Minn. 2018). Because there is no private right of action for the obstruction of justice section identified by Canada, he has failed to plead an adequate claim concerning obstruction.

In addition to racketeering and the obstruction of justice, Canada also cites to 42 U.S.C. § 1985. Section 1985 provides a private right of action for a citizen to recover if he

alleges that two or more persons conspired to violate his rights in a variety of ways. Canada has not pled any factual allegations that plausibly allege a conspiracy to harm him in any fashion. His citation to Section 1985 is a bare legal assertion devoid of any factual allegations, and as such, it is insufficient to state a claim. *See Bell*, 550 U.S. at 555.

As with the discrete identification of 18 U.S.C. §§ 1512, 1961, 1962 and 42 U.S.C. § 1985 in his original complaint, all the other statutes and legal theories identified by Canada in his complaint and his many supplemental pleadings are insufficient to state a claim. The problem is the same for all the cited theories—Canada simply has not provided the Court with any coherent factual allegations to support the identified legal claims against the named defendants. The court must give broad latitude to a pro se litigant, but the court is not required to read a complaint or series of pleadings so broadly as to invent facts or claims that were not supplied by the litigant. *See e.g. Stone*, 364 F.3d at 915. Here, the Court has interpreted Canada's pleadings as broadly as possible by considering his complaint in conjunction with his other supplements and exhibits. The record simply does not provide the Court with enough detail to allow the case to proceed under the standards of Section 1915A. Canada's complaint will be dismissed because he has failed to adequately state a claim for relief.

### III. CONCLUSION

Under Section 1915A(b)(1), the Court must review a prisoner complaint and dismiss any portions that fail to state a claim. In this instance, Canada's entire complaint fails to state a claim, so it will be dismissed in its entirety.

Based on the foregoing analysis and on all the files and submissions herein, **IT IS HEREBY ORDERED THAT:**

1. Canada's complaint [Doc. No. 1] is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

2. Canada's motions to proceed in forma pauperis [Doc. Nos. 8, 12] are **DENIED** as moot.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 22, 2021

                                        s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge