UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Canada,<br><br>　　　　Plaintiff,<br><br>v.<br><br>All Members of Damascus Way Staff, Dan Sepeda, and Dan Stehr,<br><br>　　　　Defendants. | Case No. 21-CV-1904 (SRN/LIB)<br><br><br>**ORDER** |

Shawn Canada, MCF-Faribault, 1101 Linden Lane, Faribault, MN 55021, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court on Plaintiff Shawn Canada's (1) Motion and Affidavit for Permission to Appeal In Forma Pauperis [Doc. No. 22 ("IFP Application")] and (2) document titled "Motion for Permission to File Claim Under 42 U.S.C. § 1983" and "Objection to Order" [Doc. No. 18 ("Motion/Objection")].  For the following reasons, the Court denies the IFP Application and the Motion/Objection.

　　The Court received Canada's initial complaint in this action on August 23, 2021. [*See* Doc. No. 1 at 1.]  In September 2021, after the Clerk of Court informed Canada that he needed to either submit this action's filing fee or an application to proceed *in forma pauperis* ("IFP"), Canada submitted an IFP application. [*See* Doc. No. 8 at 1.]  On October 21, 2021, this Court entered an order dismissing Canada's complaint for failing to state a claim for which the Court could grant relief.  [*See, e.g.*, Doc. No. 15 at 9 ("October 2021

Order").] Given that result, the Order further denied as moot Canada's motion to proceed IFP. [*See id.*] On October 22, 2021, the Court entered judgment in the case. [*See* Doc. No. 16.]

On October 28, 2021—that is, after the Court entered judgment—Canada filed a document entitled "Claim of Action." [*See* Doc. No. 17 ("Claim of Action").] The document is unclear, but appears to try to state a claim against Defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68. [*See id* at 1–2.] About two weeks later, Canada filed the Motion/Objection. As best as the Court can tell, the Motion/Objection asks the Court for permission to file a RICO claim in this matter. [*See* Mot./Obj. 1.] And while the Motion/Objection has in its title the phrase "Objection to Order," it does not substantively discuss the October 2021 Order.

The day after receiving the Motion/Objection, the Court received a notice of appeal indicating that Canada plans to challenge the October 2021 Order. [*See* Doc. No. 21 at 1.] Canada filed the present IFP Application alongside the notice. [*See* IFP Appl. at 1.]

The Court will address the IFP Application first. The present suit is part of a recent litigation wave by Canada. [*See* Doc. No. 15 at 1 n.1 (listing suits.)] Several of these actions have been dismissed, so the IFP Application requires this Court to consider 28 U.S.C. § 1915(g). As relevant here, § 1915(g) states:

> In no event shall a prisoner . . . appeal a judgment in a civil action or proceeding under this section[1] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

---

[1] The phrase "under this section" refers to a prisoner's ability to proceed IFP.

>States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As Canada has already been warned, he has accumulated at least three § 1915(g) strikes. *See, e.g.*, R. & R. 1–2, *Canada v. Nelson*, Case No. 21-CV-2388 (PJS/DTS) (D. Minn. Dec. 1, 2021). He thus cannot proceed on appeal IFP unless he is "under imminent danger of serious physical injury." Nothing in this action's filings indicate that he is in such danger. The Court therefore denies the IFP Application.

This leaves the Motion/Objection. Because Canada filed a notice of appeal after filing the Motion/Objection, this Court must consider its jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also, e.g.*, *United States v. Webster*, 797 F.3d 531, 537 (8th Cir. 2015) (quoting *Griggs*). This means that when Canada filed the notice of appeal, the U.S. Court of Appeals for the Eighth Circuit acquired jurisdiction "over those aspects of [this] case involved in the appeal."[2]

---

[2] The Court notes that "[a] notice of appeal filed while a Rule 59(e) motion is pending is a nullity." *Flieger v. Delo*, 16 F.3d 878, 882 (8th Cir. 1994) (citing *Griggs*, 459 U.S. at 60–61). This means that, if Canada's pre-notice-of-appeal filings comprise a Rule 59(e) motion, the notice of appeal would be ineffective, which would alter the text's jurisdictional analysis. In the Court's view, however, Canada's key filings here—the Claim of Action and the Motion/Objection—do not comprise a Rule 59(e) motion. Rule 59(e) concerns "motion[s] to alter or amend a judgment." Nothing in either document refers at all to this Court's judgment in this action.

Canada's notice of appeal does not specify exactly what issues he plans to raise, though he plainly seeks to challenge the October 2021 Order. [*See* Doc. No. 21.] The notice's second page, however, does contain the handwritten statement "Permission to File a Claim Under 42 U.S.C. 1983." [*Id.* at 2.] Canada's ability to file a new § 1983 claim in this action is thus something he plans to raise with the Eighth Circuit. The Court thus concludes that, whatever Canada seeks to do with the Motion/Objection before this Court, it is something that this Court no longer has jurisdiction to do. The Court therefore denies the Motion/Objection for lack of jurisdiction.[3]

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Shawn Canada's Motion and Affidavit for Permission to Appeal In Forma Pauperis [Doc. No. 22] is **DENIED**.

2. Canada's document titled "Motion for Permission to File Claim Under 42 U.S.C. § 1983" and "Objection to Order" [Doc. No. 18]—construed as a request for this Court to let Canada file a RICO claim in this action—is **DENIED** for lack of jurisdiction.

---

[3] It is somewhat unclear whom Canada means to address in the Motion/Objection: it is captioned for, and addressed to, this Court, but elsewhere seems to ask the Eighth Circuit for permission to file a new § 1983 claim. [*See* Doc. No. 18 at 1.] To the extent Canada means to address the Eighth Circuit with the Motion/Objection, he should present the Eighth Circuit with a relevant filing.

Dated: December 13, 2021
                                     s/Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge